UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALCOVA INVESTMENT LLC *et al.*,

Plaintiffs,

-v-

GAGANDEEP LAKHMNA,

Defendant.

26 Civ. 3729
26 Civ. 4080

ORDER

PAUL A. ENGELMAYER, District Judge:

Before the Court is plaintiffs' motion for attachment, seeking, pursuant to Federal Rule of Civil Procedure 64 and New York Civil Practice Law & Rules ("N.Y. C.P.L.R.") §§ 6201(1) and 6201(3), an order of attachment against certain property in the possession, custody, or control of defendant Gagandeep Lakhmna. Dkt. 56. Plaintiffs further seek leave to obtain disclosures from Lakhmna and his agents regarding his "attachable property or debt in order to aid attachment." *Id.* at 2. Lakhmna opposes, contending plaintiffs have failed to demonstrate a probability of success on the merits or that the amount they have demanded exceeds all known counterclaims. Dkt. 71.[1]

For the reasons set forth below, the Court denies plaintiffs' motion without prejudice to a motion along these lines being raised later in this litigation.

[1] On June 30, 2026, Alcova moved for an order of attachment, Dkt. 56, submitting a memorandum of law, Dkt. 57 ("Mem."), and exhibits, Dkt. 58, in support. That same day, the Court set a briefing schedule as to the motion. Dkt. 60. On July 14, Lakhmna opposed the motion, submitting a memorandum of law and exhibits as support. Dkt. 71 ("Opp'n."). On July 16, Alcova filed a reply, Dkt. 77 ("Reply"), and further attachments, Dkt. 78. On July 17, the Court granted Lakhmna's motion for leave to file a sur-reply. Dkt. 84 ("Sur-Reply"). On July 22, Lakhmna filed a sur-reply, and attached exhibits as support. Dkts. 85–86.

The Court assumes familiarity with the background of this case, in which the Court held a preliminary injunction hearing on June 1 and 2, 2026, later entered a preliminary injunction order, Dkt. 47 (the "Order"), and resolved disputes regarding Lakhmna's alleged non-compliance with that Order, Dkts. 66, 75.

In brief, this dispute concerns five real estate development projects (the "Entities"). Investors in real estate—Alcova Investment LLC and Alcova YPF Junior Investments LLC (collectively "Alcova")—bring this action against defendant Lakhmna, a former managing member of the Entities and, through LLCs he owned and directed, their general contractor. On June 9, 2026, the Court granted Alcova's application for a preliminary injunction. Order at 1. The Court found that: (1) Lakhmna had been lawfully removed as managing member of the Entities; (2) pursuant to the Operating Agreements governing the Entities, AC Equity Manager LLC had been lawfully appointed Successor Manager of the Entities; (3) Lakhmna was required, within one week, to deliver to the Successor Manager, *inter alia*, all books, records, credentials, plans, permits, and other property of the Entities; and, (4) Lakhmna was limited from transferring or disposing project assets. *Id.* at 1–2. Salient here, this item provided: "Defendant Gagandeep Lakhmna is enjoined from transferring, disposing of, or concealing any project assets or funds traceable to any Entity or senior-lender funds." *Id.* at 2.

Under § 6201, a district court may grant an order of attachment in any action, except a matrimonial action, where the plaintiff seeks a money judgment and certain enumerated statutory grounds have been met. *Cap. Ventures Int'l v. Republic of Argentina*, 443 F.3d 214, 220–21 (2d Cir. 2006). Alcova relies on two components of § 6201 in contending attachment is justified. Alcova argues that: (1) Lakhmna's status as a nondomiciliary triggers § 6201(1) and (2) Lakhmna has "with intent to defraud his creditors or frustrate the enforcement of a judgment

that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property" so as to fall within the scope of § 6201(3). These grounds alone, however, are insufficient to justify the "extraordinary remedy" of attachment. *In re Firestar Diamond, Inc.*, 657 B.R. 730, 746 (Bankr. S.D.N.Y. 2024). The burden of proof is "high" and New York attachment statutes are construed strictly against those who seek to invoke this remedy. *In re Amaranth Nat. Gas Commodities Litig.*, 711 F. Supp. 2d 301, 306 (S.D.N.Y. 2010).

Accordingly, a court must determine whether, separate from the statutory grounds for attachment, an applicant has established a likelihood of success on the merits and whether the remedy is needed to secure payment or obtain jurisdiction. *Cap. Ventures Int'l*, 443 F.3d at 220–21. And, even where such has been demonstrated, the issuance of an order of attachment is at the court's discretion. *See, e.g.*, *id.* at 221 ("although treatises on New York practice describe attachment as a "discretionary" remedy to which a party has no statutory right, they appear to mean that motion courts may deny attachment for lack of need even though the plaintiff has established a ground under Section 6201 and satisfied the requirements of Section 6212"); *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Serv., Inc.,* 306 F. Supp. 2d 482, 485 (S.D.N.Y.2004); *Gen. Textile Printing & Processing Corp. v. Expromtorg Int'l Corp.,* 862 F. Supp. 1070, 1073 (S.D.N.Y.1994); *see also* David D. Siegel, New York Practice § 317 (4th ed. 2005) ("Even if the plaintiff makes out a case for attachment under CPLR 6201, its granting is still discretionary with the court . . . and if the judge should perceive from the papers that the plaintiff does not need an attachment either for jurisdiction or security, discretion is appropriately exercised against it even though a CPLR 6201 showing has been made.").

Here, even assuming arguendo that Alcova has met one or both of the threshold statutory grounds, the Court is entirely unpersuaded of the need for attachment. The Court's preliminary

injunction enjoined Lakhmna from "transferring, disposing of, or concealing any project assets or funds traceable to any Entity or senior-lender funds." Order at 2. Alcova has not alleged, let alone shown, any breach of this aspect of the Order.[2] To the extent Alcova offers a factual basis for its present motion, it principally recaps events well predating the preliminary injunction hearing and this federal litigation, including ones giving rise to the notices of non-compliance Alcova issued Lakhmna on March 5 and 11, 2026. Mem. at 3. To the extent Alcova relies on this Court's findings in entering the preliminary injunction, *see* Reply at 2, these limited findings do not support attachment. That Lakhmna did not (and may have been unable) to make required payments to investors, which the Court found to contractually justify his removal under the Operating Agreements, does not establish his fraudulent intent or an inclination to dissipate his own assets to prevent a potential judgment against him.

The Court reminds Alcova that discovery in this litigation has not commenced. A case management conference is scheduled for September 16, 2026, at which the Court will put in place a discovery schedule, and in advance of which the parties are to submit a proposed case management plan and scheduling order. *See* Dkt. 92 (detailing required pre-conference filings). The Court expects that the parties, in organizing discovery, will make arrangements for the provision of discovery bearing on Lakhmna's handling of project finances, or potentially his own finances to the extent such may be relevant to any claim or defense, and if the resulting discovery

---

[2] To the extent Alcova renews its allegation that Lakhmna recorded certain liens in breach of the Court's Order, *see* Reply at 5, that argument fails. The Court previously addressed this claim, at the June 23, 2026 conference. There, Lakhmna's counsel accurately noted that the Order barred the "recording" of any lien "except as expressly permitted by law or an Order from this Court." Order at 2. Lakhmna's counsel plausibly represented that Lakhmna's recording of liens, to the extent it post-dated the Court's June 9 Order, was curative and was thus "expressly permitted by law." The Court remains unpersuaded by Alcova's allegation that these liens breached the Court's Order.

or information independently obtained by Alcova reveals evidence supporting attachment, Alcova may then move anew for attachment.

The Court accordingly denies Alcova's present application for attachment, without prejudice to its right later to pursue such relief on an appropriate factual record.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: September 3, 2026
New York, New York